

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 15, 2021

BY CM/ECF

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. Barbera, 21 Cr. 154 (JGK)

Dear Judge Koeltl:

      Attached for the Court's consideration please find a proposed protective order governing discovery in this case. The defendant consents to this form of order.

      Respectfully submitted,

      AUDREY STRAUSS
      United States Attorney

      By:  /s/
      Joshua A. Naftalis
      Assistant United States Attorney
      (212) 637-2310

Enclosure

cc:    Defense Counsel

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :   PROTECTIVE ORDER
                                   :
              - v. -               :   21 Cr. 154 (JGK)
                                   :
 JAMES JEREMY BARBERA,             :
                                   :
              Defendant.           :
                                   :
- - - - - - - - - - - - - - - - - x
```

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material."  The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals and entities; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed

to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. There is good cause for entry of the Protective Order set forth herein.

ACCORDINGLY, IT IS HEREBY ORDERED:

4. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein. Disclosure Material shall be used by the defense solely for purposes of defending this action. Disclosure Material shall be kept in the sole possession of the defendant's counsel and/or the defendant. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access. The defense shall not disclose any Disclosure Material to any third party and the media except as set forth below.

5. Disclosure Material may be disclosed by counsel only to the following persons (hereinafter "Designated Persons"):

   a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

   b. Prospective witnesses in the action or individuals who the defense in good faith believes may be able to provide the defense with leads or information for purposes of defending this action; and

   c. Such other persons as hereafter may be authorized by the Court upon motion by the defendants.

  6. When producing discovery, the Government will designate in writing any category of Disclosure Material that falls outside the coverage of this Order. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

  7. The defendant and his counsel will not attach any Disclosure Material to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the Disclosure Material or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court. If any dispute should arise between the parties to this action as to whether any documents, materials, or other information

3

is subject to the provisions of this Order, such documents, materials and information shall be considered Disclosure Material subject to this Order pending further order of this Court.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

9. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including seized ESI Disclosure Material, within 30 days of the expiration of the period for direct appeal including Supreme Court review, from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the conclusion of any habeas proceedings; or the one-year limitation period to bring a petition pursuant to 28 U.S.C. § 2255, if no such petition is filed prior to that time, or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any Disclosure Material or ESI that belongs to the defendant.

10. As to each defendant, the defendant and his or her counsel shall inform any Designated Persons to whom Disclosure Material is shown or described pursuant to Paragraph 5 of the existence of this Order and that such Designated Persons are

4

subject to the terms of the Order. If a Designated Person is provided copies of, or is allowed to copy, any Disclosure Material, or any written summary thereof, pursuant to Paragraph 5, then prior to such disclosure, the defendant and his or her counsel shall provide a copy of this Order to any Designated Persons, and any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendant's counsel. However, defendants and their counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Order. If Disclosure Material is provided to any Designated Persons, counsel shall make reasonable efforts to seek the return or destruction of such materials. Defense counsel shall make reasonable efforts to maintain a record of what information has been disclosed to which such persons.

11. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

5

AGREED AND CONSENTED TO:

Dated:     New York, New York
           March 15, 2021


                                    AUDREY STRAUSS
                                    United States Attorney

                              By:   _____
                                    Joshua A. Naftalis
                                    Assistant U.S. Attorney


Dated:     New York, New York
           March  15 , 2021


                                    JAMES JEREMY BARBERA

                              By:   _____
                                    Eric M. Creizman, Esq.
                                    Melissa N. Madrigal, Esq.
                                    Armstrong Teasdale LLP
                                    Counsel to James Jeremy Barbera


SO ORDERED:

Dated:     New York, New York
           March  15 , 2021


                                    /s/ John G. Koeltl
                                    _____
                                    THE HONORABLE JOHN G. KOELTL
                                    United States District Judge

                              Insert as 5(d): "The Court and Court personnel."

                              The Court is not bound by this Order. The Court reserves the
                              right to amend the Order at any time.

6