Eric M. Creizman

Direct T 212.972.0200  F 212.409.8385

ECreizman@atllp.com

*By ECF and Email*

November 6, 2022

The Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.

11/7/22

Re:   **United States v. James Jeremy Barbera, 21-CR-154 (JGK)**

Dear Judge Koeltl:

    In connection with our sentencing submission on behalf of Jeremy Barbera, I have filed the sentencing memorandum on the public docket with certain redactions, as well as certain exhibits with limited redactions. In addition, I filed certain exhibits under seal. I am requesting that the Court permit these documents to remain in redacted format on the public docket or remain sealed. *See* Fed. R. Crim. P. 49.1(d)-(f). If the Court determines that those documents should be filed in unredacted form, I will, of course, file those documents on the public docket without redactions.

    First, I am requesting that the Court permit portions of Sub-Section V in the Section of the Sentencing Memorandum analyzing the federal sentencing factors to remain filed on the public docket with redactions. Sub-Section V concerns the need for the sentence imposed to "provide the defendant with . . . medical care . . . in the most effective manner." 18 U.S.C. 3553(a)(2)(D). For the same reasons, I request that certain portions of Exhibits 1 and 3, letters to the Court from Mr. Barbera's ex-wife, Claudia Goddard, and his daughter, Chloe Barbera, to remain filed on the public docket with redactions. In addition, Exhibit 37, a letter submitted to the Court on October 16, 2022, and which was filed on the public docket with redactions, is filed with same redactions. The redactions in the publicly filed versions of the sentencing memorandum and Exhibits 1, 3, and 37 concern medical information that implicates the privacy interests of Mr. Barbera, Ms. Goddard, and Ms. Barbera with no public ramifications, and therefore, we submit, outweigh the general presumption in favor of public access to judicial records. *See, e.g., United States v. Sater*, 2019 WL 3288389 (E.D.N.Y. July 22, 2019). The redactions are narrowly tailored to protect those compelling interests. *See United States v. Munir*, 953 F. Supp. 2d 470, 478 (E.D.N.Y. 2013). For the same reasons, Exhibit 38, a letter from one of Dr. Barbera's physicians, Eric Grossman, M.D., is filed under seal.

ARMSTRONG TEASDALE   LLP
ArmstrongTeasdale.com

7 TIMES SQUARE, 44TH FLOOR, NEW YORK, NY 10036-6508  T  212.209.4400

Hon. John G. Koeltl
November 6, 2022
Page 2

In addition, I have filed Exhibits 31 through 35 under seal. Exhibit 31 is a Research Agreement between Blue Biotech Inc. ("Blue Biotech"), a company that Mr. Barbera founded, and the Regents of the University of Michigan ("Michigan"), dated March 9, 2020. Exhibit 32 is an amendment to that agreement, dated March 3, 2021. Exhibit 33 is a Patent Option Agreement between Blue Biotech and Michigan, dated March 6, 2020. Exhibit 34 is an amendment to that agreement, dated March 12, 2021. Exhibit 35 is a copy of meeting notes from a meeting of the Steering Committee of the National Institutes of Health ("NIH") Screening for Covid-19 by Electronic-Nose Technology (SCENT) held on July 9, 2021, which Mr. Barbera attended.

We request that Exhibits 31 through 34 be kept under seal because they contain carefully negotiated and commercially sensitive terms between Blue Biotech and Michigan, which is proprietary business information of Blue Biotech, that if disclosed to the public, may cause Blue Biotech meaningful competitive harm. *See Hesse v. SunGard Sys. Intern.*, 2013 WL 174403, at *2-*3 (S.D.N.Y. Jan. 14, 2013) (granting defendant's motion to redact proprietary business information from public access, including "the company's billing rates and project pricing"); *Playtex Products, LLC v. Munchkin, Inc.* (S.D.N.Y, Mar. 29, 2016) ) (sealing statements in briefs and exhibits notwithstanding that they are "judicial documents" because "Plaintiffs would be competitively harmed if they were revealed" and the proposed redactions were narrowly tailored; for the same reasons, court sealed portions of defendant's summary judgment brief concerning "sales and costs information."). Although we recognize the presumption of public access to judicial records, we respectfully submit that the specific contents of those exhibits are not particularly relevant to sentencing. The Exhibits are discussed in the sentencing memorandum, but not the specific terms. They are provided as exhibits, however, to substantiate their existence, and nothing more.

We request that Exhibit 35 be kept under seal because we have not been able to locate this document on the internet, and we are simply uncertain whether we have authority to disclose it on the public docket. Like Exhibits 31 through 34, the Exhibit is discussed in the sentencing memorandum, but not the specific terms. It is provided as an exhibit simply to substantiate the fact that Mr. Barbera attended the meeting, and nothing more.

Of course, I am providing unredacted copies of the sentencing memorandum and of the foregoing exhibits to the Court, the government, and to the Probation Department.

I thank the Court for its consideration in this matter.

Respectfully submitted,
/s/ Eric M. Creizman
Eric M. Creizman (EC7684)
Melissa Madrigal (MM0200)

cc:   AUSAs Kiersten Fletcher and Daniel Loss (by ECF and email)
      United States Probation Officer Johnny Kim (by email)