```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------

UNITED STATES OF AMERICA

       - against -                21-cr-154 (JGK)

JAMES JEREMY BARBERA,              <u>ORDER</u>

              Defendant.
------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The Court will proceed with a conference on November 21, 2022, but the Court will not proceed to sentencing at that time because the parties' submissions are insufficient to resolve basic issues necessary for sentencing.

    First, it is unclear from the papers what the number of victims is. In arguing that the number of victims is in excess of ten, the Government says that it has "produced 3500 material" to the defense identifying victims in addition to those about whom there was testimony at trial. Gov't Memo., ECF No. 162, at 17. Without more information, how could the Court rely on that material for its calculation of the number of victims?

    Second, how could the Court rely on the entire amount of investor funds obtained by Nanobeak for its determination of intended loss, actual loss, or even gain to the defendant without evidence that all of those funds were obtained through fraud? What does the evidence show with respect to the actual amount of funds received as the result of fraud?

Third, the Government has brushed aside outstanding objections to the Pre-Sentence Report, including objections that were not resolved by the Probation Department. See Gov't Memo. at 12 n.1 (listing specific defense objections). As to each of those objections, does the Government contend that the objection is inaccurate and should be overruled? If so, why? Or does the Government contend that the Court should find that the objection does not affect the sentence? The Government's response must be directed to the individual objections at issue.

Fourth, the parties are reminded that the Court must make a determination as to the required amount of forfeiture on the date of sentencing and cannot defer such a finding to a later date. The amount of forfeiture must also be consistent with Honeycutt v. United States, 137 S. Ct. 1626 (2017). Thus far, the only submission on the subject of forfeiture is that the Government seeks to have the defendant forfeit the entire amount of investor funds invested in Nanobeak, see Gov't Memo. at 9, 21, and there is not yet a response from the defendant.

The Court expects that further submissions will be necessary after the conference on November 21, 2022.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **November 17, 2022**

_____
John G. Koeltl
**United States District Judge**