**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————————

**UNITED STATES OF AMERICA**

      **- against -**

**JAMES JEREMY BARBERA,**

              **Defendant.**
————————————————————————————

**21-cr-154 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The defendant, James Jeremy Barbera, seeks leave to file an untimely motion for acquittal under Rule 29 and/or for a new trial under Rule 33 of the Federal Rules of Criminal Procedure based on the Supreme Court's recent decision in <u>Ciminelli v. United States</u>, 598 U.S. 306 (2023), which was decided on May 11, 2023. The motion is without merit and is **denied**.

**I.**

Following a jury trial, the defendant was convicted of conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371; securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; and wire fraud in violation of 18 U.S.C. §§ 1343 and 2. The judgment of conviction was entered on May 17, 2023, and a notice of appeal was filed on May 31, 2023.

Because a notice of appeal has been filed, pursuant to Federal Rule of Criminal Procedure 37, this Court may (1) defer considering the motion; (2) deny the motion; or (3) state either

that it would grant the motion if the court of appeals remands for that purpose, or that the motion raises a substantial issue.

**II.**

In Ciminelli, the Supreme Court held that "the wire fraud statute reaches only traditional property interests. The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest. Accordingly, the right-to-control theory cannot form the basis for a conviction under the federal fraud statutes." 598 U.S. at 316.[1] The defendant argues that the three counts on which the defendant was convicted in this case rested on the now-discredited "right to control theory of liability." But that is simply untrue and the defendant points to nothing in the record to support this allegation.

The instruction to the jury on the wire fraud count explained that the Government must prove beyond a reasonable doubt that "there was a scheme or artifice to defraud others of money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the Indictment." ECF No. 113, Trial Tr. at 1053. The object of the wire fraud count was explicitly "money or property," which the Supreme Court held

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

in <u>Ciminelli</u> must be the requirement to limit the "scheme or artifice to defraud." 598 U.S. at 312. The object of the fraud cannot be a "right to control the use of one's assets." <u>Id.</u> at 311. The jury instruction in this case did not use a "right to control" theory, but instead limited the object of the fraud to the traditional property concept of "money or property." Therefore, there is nothing in the <u>Ciminelli</u> decision that casts any doubt on the validity of the wire fraud conviction in this case.

Similarly, there is nothing in the instruction on the securities fraud count that suggests that the count was relying on the "right to control" theory. The Charge instructed the jury that it had to find a fraudulent act "in connection with the purchase or sale of a security." ECF No. 113, Trial Tr. at 1043. As was true for the wire fraud Count, the defendant was convicted of obtaining "money or property," <u>Ciminelli</u>, 598 U.S. at 312, through the fraudulent purchase or sale of securities.

Finally, the conspiracy count relied on the prior instructions on wire fraud and securities fraud to define the objects of the conspiracy. It did not incorporate the "right to control theory" into the case.

## CONCLUSION

Because there is no merit to the defendant's argument that <u>Ciminelli</u> casts any doubt on the conviction in this case, to the

3

extent that the defendant's application can be construed as a motion for acquittal or a new trial, it is **denied.** To the extent the defendant asks this Court to indicate to the Court of Appeals that this Court would grant the motion if the motion were properly before the Court, or to indicate that the motion raises a substantial question, the motion is also **denied.** The Court would not grant the motion and it does not raise a substantial question. The defendant is, of course, free to raise the issue with the Court of Appeals.

**SO ORDERED.**

Dated:     **New York, New York**
           **September 18, 2023**

                                    **John G. Koeltl**
                              **United States District Judge**

4